IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COREY FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 03-cv-351-MJR |
| | ) | |
| STEVE PATTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter if before the Court on the Motion for Appointment of Counsel (Doc. 8) filed by the plaintiff, Corey Fox, on May 3, 2005.  The motion is **DENIED**.

There is no constitutional or statutory right to counsel by a civil litigant.  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1).  Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent.  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights" Id at 431.  The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful.  Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel.  Zarnes, 64 F.3d at 288.  After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel.  Those

factors are  (1)whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of  the legal issues raised by the complaint. See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Plaintiff states that his allegations "if proven, clearly would establish many constitutional rights violations."  He further states he sustained unprovoked beatings and injuries.  He alleges that on its face, his claims are meritorious.  Plaintiff states he wrote to three private law firms and "many other law firms and pro bono firms."  Plaintiff states that the law firms declined to represent him because he could not afford a retainer.   As the plaintiff was not able to secure a lawyer in private practice, who could take his case on a contingent fee basis, or represent him for free, this could be an indication that his suit has no merit.  Farmer v. Haas, 990 F.2d 319, 321 (7th Cir. 1993).

Additionally plaintiff states that he is unable to investigate his case because he is in segregation with an out-date of September, 2006.  Plaintiff represents to the Court in his motion and memorandum in support that he is aware of evidence that exists which would support his claims, ie., court transcripts of defendants' testimony which strongly supports his claim and medical testimony that verifies his injuries.  Plaintiff can use the Federal Rules of Civil Procedure to request documents from the appropriate sources, or if appropriate, subpoena those documents that he desires.  Furthermore,  plaintiff should have access to any medical records that exist either by signing a medical release form or by subpoena.  Based upon plaintiff's

pleadings, he is aware of evidence that exists.  He has the Federal Rules of Civil Procedure to assist him in obtaining the evidence he needs to put forth his case, therefore, he does have the ability to investigate crucial facts.

Fox alleges in his motion that there is going to be conflicting testimony requiring counsel. He alleges that the defendants assaulted him and the defendants' claim otherwise.  He further alleges that due to the conflicts in testimony, the case is complex and he needs the assistance of counsel.  However, the facts of this case are straight-forward and involve alleged actions that occurred on the same date by the same individuals.  His claims arise out of an alleged incident where he was beaten, maced, and then denied access to medical care.  A nurse allegedly witnessed his injuries the next day.  The incident occurred or it did not.  This case is one of credibility and is not particularly complex.  Therefore appointment of counsel is not required.

Fox alleges that he is a pro se litigant with a high school education and no legal education and has limited access to the law library.  He also alleges that he needs a lawyer to cross-examine witnesses.  This Court takes note of the fact that Fox has filed several pleadings with the Court that are well-written.  He has followed directions provided to him by notifying the clerk's office of his change of address on two occasions.   Additionally he has properly completed and returned USM-285 forms.  Fox has also written to the Clerk of the Court on several occasions.   He has also filed three motions with the Court.  If Fox has limited access to the law library, he can file motions for an extension of time with the Court should he need additional time to respond to pleadings filed by the defendants.   As previously stated, the facts are not complex.  The Court finds that Fox has the ability to represent himself.

In sum, this case is not so complex as to warrant the appointment of counsel.  Fox has also demonstrated an ability to make arguments and assert his claims.

For the foregoing reasons, the  Motion for Appointment of Counsel filed by the plaintiff on May 3, 2005 is **DENIED**  (Doc. 8).

**DATED: July 13, 2005**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**